IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE VANDERHALL,
    Petitioner,

vs.                                    Case No.: 3:13cv173/LAC/EMT

SHERIFF DAVID MORGAN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss and relevant portions of the state court record (doc. 15). Petitioner filed a response in opposition to the motion (doc. 20). He also filed a motion for evidentiary hearing and a motion for temporary restraining order (docs. 21, 23).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 15).[1] Petitioner was charged in the Circuit Court in and for Escambia County,

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (doc. 15). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Florida, Case No. 2012-CF-2670, with one count of possession of cocaine (Count 1), one count of tampering with evidence (Count 2), one count of possession of less than 20 grams of cannabis (Count 3), and one count of resisting an officer without violence (Count 4) (Ex. C). The State announced a nolle prosequi on Count 1 (*see* Ex. D). Following a jury trial on the remaining charges, Petitioner was found guilty of possession of less than 20 grams of cannabis (a misdemeanor), and not guilty on the remaining charges (*see* Exs. D, E, F). On January 10, 2013, Petitioner was sentenced to eleven (11) months and thirty (30) days in the county jail, with pre-sentence jail credit of two (2) days (Ex. G). Additionally, the court suspended Petitioner's driver's license for two (2) years (*id.*).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-420 (Exs. H, I). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. I). Counsel also filed a motion to allow Petitioner to file a brief on his own behalf (Ex. J). On May 3, 2013, the First DCA issued an order granting Petitioner thirty (30) days to serve a pro se initial brief (*id.*). Petitioner did not file a pro se brief (*see id.*). The First DCA affirmed the judgment per curiam without written opinion on July 5, 2013, with the mandate issuing July 31, 2013 (Ex. K). Vanderhall v. State, 116 So. 3d 1268 (Fla. 1st DCA 2013) (Table). Petitioner did not seek further review.

Petitioner filed the instant federal habeas action on April 13, 2013 (doc. 1). Respondent concedes the petition is timely (doc. 15 at 3).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving

---

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .

the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[3] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

---

[3] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

Case No.: 3:13cv173/LAC/EMT

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.* Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in evaluating the reliability of a petitioner's proof of innocence. *See* McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019 (2013). As the Court stated in Schlup, "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]." 513 U.S. at 332; *see also* House, 547 U.S. at 537.

Within this framework, the court will review Petitioner's claim.

III.  PETITIONER'S CLAIM

   Ground One: "The search warrant issued in this case violates the due process clause of the 14th Amendment and the 8th Amendment."

Petitioner asserts that on May 15, 2012, law enforcement obtained a warrant to search his residence (doc. 1 at 5–6).[4] He states the warrant commanded law enforcement to serve the warrant "forthwith" and return it within ten (10) days from the date it issued (*id.*; *see also* doc. 15, Ex. A). Petitioner clams that law enforcement officers served the warrant on May 25, 2013, which was not "forthwith" and thus violated the due process clause of the Fourteenth Amendment (*id.*). He additionally claims that the officers returned the warrant on May 29, 2013, which was four (4) days past the 10-day time limit set forth in the warrant, which also violated the Fourteenth Amendment (*id.*). He contends these violations, both individually and collectively, violate the Eighth and Fourteenth Amendments (*id.*).

Respondent contends the petition is subject to dismissal on three grounds. First, Petitioner's allegations that the timing of the service and return of the warrant violated the federal constitution are conclusory and fail to show Petitioner suffered prejudice as a result (doc. 15 at 5–6). Second, although Petitioner couches his claims in terms of violations of the Eighth and Fourteenth

---

[4] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Amendments, his claims raise purely state law issues and are thus not cognizable in federal habeas (*id.* at 6–7). Third, Respondent contends Petitioner failed to present his claims to the state courts; therefore, they are unexhausted (*id.* at 7–13). Respondent further contends the claims are procedurally barred, because Petitioner may not return to state court to properly exhaust them (*id.* (citing Hall v. State, 823 So. 2d 757, 763 (Fla. 2002) ("an issue not raised in an initial brief is deemed abandoned")).

In Petitioner's reply, he contends he was prejudiced by the untimely return of the search warrant, because it rendered the search warrant invalid, which rendered the search illegal, and his arrest illegal because it was based upon evidence obtained during the allegedly illegal search (doc. 20 at 2–3, 7–9). Petitioner also contends the search warrant failed to set forth sufficient probable cause, and the State failed to produce any evidence that the confidential informant, who supplied the information upon which the warrant was based, was credible (*id.*). As to exhaustion, Petitioner admits he did not exhaust his claims in the state courts (doc. 1 at 5). He states he did not raise the issues on direct appeal, because his appellate counsel failed to raise them, and his trial counsel failed to preserve them in the trial court (*id.*). Petitioner also asserts he was unable to file a pro se brief in his direct appeal, because officials at the Escambia County Jail ("Jail") refused to provide him access to legal research, photocopying services for his pleadings, and mailing materials (envelopes and stamps) (doc. 20 at 4–5, 7). Petitioner further contends exhaustion would be futile, because the trial court already determined the search warrant was legal (*id.*).

In light of Petitioner's admission that he did not present his claims to the state courts, the court must consider whether Petitioner has established cause for his failure to do so.[5] Petitioner contends Jail officials prevented him from filing a pro se initial brief in the First DCA by refusing to provide him access to legal research, and failing to provide photocopying services and mailing

---

[5] If Petitioner's appellate counsel had identified the search warrant issues as possible issues that might be raised, Petitioner would be deemed to have satisfied the exhaustion requirement. *See, e.g.*, Jenkins v. Bullard, 210 F. App'x 895, 898 (11th Cir. 2006) (no failure to exhaust where petitioner's appellate counsel filed Anders brief asserting there were no meritorious issues to raise on appeal but noting in her brief that there were several possible issues that might be raised, including the issues petitioner raised in his federal habeas petition). However, Petitioner's counsel did not identify the search warrant issues in her Anders brief (*see* Ex. I); therefore, those issues were not exhausted. *See* Cross v. Crews, No. 5:10cv110/RS/CJK, 2013 WL 978987, at *8 (N.D. Fla. Jan. 24, 2013) (unpublished), *Report and Recommendation Adopted by* 2013 WL 979046 (N.D. Fla. Mar. 13, 2013) (unpublished).

Case No.: 3:13cv173/LAC/EMT

materials. He contends he documented his efforts to access the state courts, as well as Jail officials' interfering with his efforts, in a letter to the undersigned dated May 8, 2013 (doc. 20 at 4). The docket of this case reflects that on May 10, 2013, the court received a letter addressed to the undersigned and signed by Petitioner and three other individuals, Jeffrey Bradstock, Ted Carroll, and Charles Montague (*see* doc. 10). The undersigned determined the letter failed to comply with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Florida, and therefore directed the clerk of court to return the document to Petitioner without filing (*id.*). The court advised Petitioner he could re-file it after the noted deficiencies were corrected (*id.*).

The court takes judicial notice that on May 7, 2013, Petitioner and the same three individuals (inmates Jeffrey Bradstock, Ted Carroll, and Charles Montague) jointly filed a civil rights action in this court against two employees of the Jail, alleging the employees were interfering with their access to the courts.[6] *See* Vanderhall v. Morgan, Case No. 3:13cv308/LAC/CJK, Complaint (N.D. Fla. May 9, 2013). The specific claims relating to Petitioner alleged that in April of 2013, he requested legal research material regarding search and seizure from the Jail law library, to enable him to file a federal habeas action, but over fifteen (15) days elapsed with no response from Jail employees. *Id.* The complaint also alleged that upon completion of his federal habeas petition, Petitioner requested services of a notary public and photocopies of his federal habeas petition and "numerous other pro se pleadings," including a motion for trial transcripts. *Id.* He alleges Jail employees initially refused his requests, but then provided the photocopies and notary services on April 29, 2013. *Id.* The complaint alleged that after April 29, Petitioner began preparing a federal civil rights action attacking the legality of the search that led to his arrest. *Id.* The complaint alleged Petitioner again requested access to legal resources and photocopies, but Jail employees failed to respond to his requests. *Id.* The docket reflects that the district court dismissed the civil rights

---

[6] The court may take judicial notice of information available on its own docket. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

complaint on June 11, 2013, without prejudice to each plaintiff's filing a new, individual complaint on his own behalf. *Id.*, Order (N.D. Fla. June 11, 2013).

The court's docket additionally reflects that on June 3, 2013, Petitioner filed a civil rights action in this court against the Narcotics Unit of the Pensacola Police Department and five individual police officers. *See* Vanderhall v. Pensacola Narcotics Unit, Case No. 3:13cv357/RV/EMT, Complaint (N.D. Fla. June 11, 2013). Plaintiff challenged the validity of the search warrant on the grounds asserted in the instant § 2254 petition. *Id.* He also challenged the manner in which the officers executed the warrant and the force they used during the course of his arrest. *Id.* On August 13, 2013, the court dismissed the action without prejudice, on the ground that Plaintiff abused the judicial process by failing to provide truthful information to the court. *Id.*, Order (N.D. Fla. Aug. 13, 2013).

The undersigned relates Petitioner's litigation history to demonstrate the baselessness of Petitioner's assertion that he was unable to file a pro se brief in his direct appeal, because Jail officials refused to provide him access to legal research, photocopying services, and mailing materials. The First DCA gave Petitioner thirty (30) days from May 3, 2013 to file a pro se initial brief. Prior to May 3, 2013, Petitioner filed the instant § 2254 petition asserting the claims he should have first asserted in the First DCA. Additionally, during the 30-day period provided by the First DCA, Petitioner filed two federal civil rights actions, one of which raised the same challenges to the search warrant that Petitioner raises here and should have raised in the First DCA. Petitioner thus failed to show that Jail officials caused the procedural default of his claims.

Additionally, to the extent Petitioner argues the procedural default was caused by ineffective assistance of his trial counsel (based upon counsel's failure to preserve the issues for appeal) or appellate counsel (based upon counsel's failure to raise the issues on direct appeal), his argument(s) must be rejected. Although ineffective assistance of counsel which rises to the level of a constitutional deprivation can serve as cause for purposes of a procedural default analysis, the issue of ineffective assistance must first be presented as an independent state claim and exhausted in the state courts. Murray, 477 U.S. at 488; Orazio v. Dugger, 876 F.2d 1508 (11th Cir. 1989). In Florida, a claim of ineffective assistance of trial counsel must generally be raised in a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. A claim

of ineffective assistance of appellate counsel is actionable in a petition for writ of habeas corpus filed in the appellate court to which the appeal was taken. *See* Fla. R. App. P. 9.141(d); <u>Davis v. State</u>, 875 So. 2d 359, 372 (Fla. 2003). Here, Petitioner did not present a claim of ineffective assistance of trial counsel in a Rule 3.850 motion, nor did he present a claim of ineffective assistance of appellate counsel to the First DCA. Therefore, neither claim could serve as cause for the procedural default of the claims presented in his § 2254 petition.

Petitioner failed to show he is entitled to review of his claims through the "cause and prejudice" portal. Additionally, he has not shown he is entitled to review of his claims through the "fundamental miscarriage of justice" exception to the procedural bar. Therefore, Petitioner is not entitled to federal habeas relief.

## IV. TEMPORARY RESTRAINING ORDER

On December 9, 2013, Petitioner filed a petition for temporary restraining order (doc. 23). In support of his motion, he states that on December 9, 2013, after his release from custody, Respondent Sheriff Morgan and his assigns began "harassing" Petitioner's friends and family (*id.*). Petitioner alleges he believes Respondent will subject him to another illegal and/or warrantless search of his residence in the immediate future in order to prevent the continuation of this habeas action or affect its outcome (*id.*). Petitioner requests that the court grant a restraining order until final disposition of this case (*id.*).

Initially, Petitioner provided Respondent with notice of his request for a temporary restraining order, as evidenced by the certificate of service included in the motion (doc. 23 at 4); therefore, his request is actually in the nature of a motion for preliminary injunctive relief. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that the movant will prevail on the merits;

2. There exists a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

See CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

Here, in light of the of the court's conclusion that Petitioner is not entitled to federal habeas relief, he cannot show he is entitled to a preliminary injunction.

V. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

Case No.: 3:13cv173/LAC/EMT

2.	That all pending motions be **DENIED**.

3.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of December 2013.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**